AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>RICHARD STUMP<br><br>*Defendant(s)* | Case No.<br>6:25-mj- 1290 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **March 22, 2025** in the county of **Brevard** in the **Middle** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(1) | Transportation of Child Pornography |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Emily Diaz, Special Agent
_____
Printed name and title

Sworn to before me and signed in my presence.

Date: 03/24/2025

_____
Judge's signature

City and state: Orlando, Florida

Robert M. Norway, U.S. Magistrate Judge
_____
Printed name and title

STATE OF FLORIDA                                CASE NO. 6:25-mj-1290

COUNTY OF ORANGE

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Emily Diaz, being duly sworn, hereby depose and state under oath that:

### INTRODUCTION:

1)  I am a Special Agent (SA) of the United States Department of Homeland Security Investigations (HSI), currently assigned to the HSI Space Coast (Cocoa Beach) office. I have been employed as a Special Agent with HSI since July 2024. In that capacity, my duties include investigating criminal violations related to child exploitation and child pornography, including violations pertaining to the transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1). I have received training in the investigation of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as that term is defined by 18 U.S.C. § 2256) in all forms of media including computer media.

2)  Prior to my employment with HSI, I worked as a local law enforcement officer for approximately 11 years in Palm Beach County, FL. I worked with the following law enforcement agencies: Town of Palm Beach Police Department, The School District of Palm Beach County Police Department and Palm Beach County Sheriff's Office. In my 11 years of service as a local law enforcement officer, I worked in the capacity of road patrol officer, school resource officer and a detective in the

Behavioral Services Division (School District of Palm Beach County Police Department); investigating written threats to kill, sexual battery, and lewd and lascivious conduct cases.

3) I have received the following trainings and certifications: ICAC Conference (2023), FDLE Violent Crimes Investigations (2023), FDLE, Sex Crimes Investigations (2022), FDLE, Advanced Hostage Negotiations (2022), PBSO, FDLE, Narcotics and Dangerous Drugs (2015), FDLE, Hostage Negotiations (2014), PBSO, Crisis Intervention Team, CIT certified (2014) and FDLE, Interviews and Interrogations (2014). I also received a Bachelor of Arts degree in Criminal Justice at the University of Florida in 2012, and a Master of Science degree in Mental Health at Palm Beach Atlantic University in 2017.

4) As a federal agent, I am authorized to investigate violations of laws of the United States, and as a law enforcement officer I am authorized to execute warrants issued under the authority of the United States.

5) The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show simply that there is sufficient probable cause for the requested complaint and does not set forth all my knowledge about this matter. I submit this affidavit in support of an application for a criminal complaint for Richard STUMP. As set forth, there is probable cause to believe that on or about March 22, 2025, STUMP knowingly transported child pornography using any means or facility of interstate or foreign commerce or in or affecting interstate or

foreign commerce by any means, in violation of 18 U.S.C. § 2252A(a)(1).

6) I make this affidavit from personal knowledge based on my participation in this investigation, information from other criminal investigators, information from law enforcement officers, information from agency reports, and review of documents and images. The submission of this affidavit is for the limited purpose of establishing probable cause in support of a criminal complaint. Due to this purpose, I have not set forth every fact learned during the course of this investigation.

## FACTS AND CIRCUMSTANCES

7) On March 22, 2025, STUMP was encountered by Customs and Border Protection and HSI at the Port of Entry at Port Canaveral, Florida, on an internationally operated cruise ship. The ship had just returned from an ocean voyage that left Port Canaveral on March 16, 2025. STUMP was a passenger on board the cruise ship. The ship made several international stops before returning to Port Canaveral, including:

- Half Moon Cay, Bahamas, on March 18, 2025;
- Grand Turk Island, Cockburn Town, Turks and Caicos on March 19, 2025;
- Puerto Plata, Amber Cove, Dominican Republic on March 20, 2025; and
- Arrival/return to Port Canaveral, Florida on March 22, 2025.

The cruise ship is a foreign flagged vessel, registered with Panama.

8) Upon conducting a border search examination of STUMP's cellular phone,

law enforcement agents observed an image of child pornography and several sexually explicit conversations about minor children through the Teleguard and Telegram messenger applications.

9) The children in the image ranged from prepubescent (8 to 13 years of age) to middle-adolescence (14 to 17 years of age). In the image, two female children are photographed side by side. One child is bent over in a pose that exposes both her vagina and anus; the other child is standing upright, with her vagina exposed. The metadata associated to this image shows that it was downloaded to the phone prior to March 16, 2025, before STUMP left on the cruise.

10) STUMP communicated via Teleguard with another user, stating: "I like 8-12, mainly girls…They are all super cute…what I wouldn't give to lick their little slits…" Via Telegram, STUMP communicated to a user: "the younger the better."

11) STUMP was interviewed after waiving his Miranda Rights. During the interview, STUMP stated he had received images and videos, mainly of underaged girls through various applications, but primarily through Teleguard, Telegram and Whisper. STUMP admitted to downloading and receiving images/videos of children engaging in sexually explicit conduct about 15 to 20 times, with the ages ranging between 12 to 13 years of age. STUMP stated he kept this content in a file folder on his phone. STUMP recalls downloading images/videos showing girls posing and exposing their vagina or "pussy," anus, breasts and masturbating. STUMP admitted to knowingly having these images/videos on his phone for at least two years. He estimated that there were approximately 100 or more images still on his phone.

12) STUMP had his phone in his possession while traveling outbound from the United States to Half Moon Cay, Bahamas; Grand Turk Island, Cockburn Town, Turks and Caicos; and Puerto Plata, Amber Cove, Dominican Republic, before reentering the United States with his phone at Port Canaveral, Florida on March 22, 2025. STUMP thus transported the child pornography in or affecting foreign commerce.

## CONCLUSION

13) Based on the above, I believe there is probable cause that STUMP knowingly transported child pornography in or affecting interstate or foreign commerce by any means, in violation of 18 U.S.C. § 2252A(a)(1).

14) This concludes my affidavit.

Emily Diaz, Special Agent
Homeland Security Investigations

Sworn to and subscribed before me this the __24th__, day of March 2025

ROBERT M. NORWAY
United States Magistrate Judge