UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 6:25-cr-98-PGB-UAM
     18 U.S.C. § 2252A(a)(1)
     18 U.S.C. § 2252A(a)(5)(B)

RICHARD STUMP

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
### (Transportation of Child Pornography)

On or about March 22, 2025, in the Middle District of Florida, and elsewhere, the defendant,

RICHARD STUMP,

did knowingly transport child pornography, that is, a visual depiction of a minor engaging in sexually explicit conduct, in and affecting interstate and foreign commerce and using any means and facility of interstate and foreign commerce.

In violation of 18 U.S.C. § 2252A(a)(1) and (b)(1).

### COUNT TWO
### (Possession of Child Pornography)

On or about March 22, 2025, in the Middle District of Florida, the defendant,

RICHARD STUMP,

did knowingly possess materials that contained images of child pornography, that is, a visual depiction of a minor engaging in sexually explicit conduct, that had been

shipped and transported using any means and facility of interstate and foreign commerce, and had been shipped and transported in and affecting interstate and foreign commerce by any means, and the depictions involved a prepubescent minor and a minor who had not attained 12 years of age.

In violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

## FORFEITURE

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. § 2253.

2. Upon conviction of a violation of 18 U.S.C. § 2252A(a)(1) and/or (5)(B), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

    a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

    b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3. The property to be forfeited includes, but is not limited to, the following: an Apple iPhone 16, seized from the defendant or on about March 22, 2025.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

A TRUE BILL,



Foreperson

GREGORY W. KEHOE
United States Attorney

By: _____
Noah P. Dorman
Assistant United States Attorney

By: _____
Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division

FORM OBD-34
April 25                                          No.

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Orlando Division

THE UNITED STATES OF AMERICA

vs.

RICHARD STUMP

### INDICTMENT

Violations:   18 U.S.C. § 2252A(a)(1)
              18 U.S.C. § 2252A(a)(5)(B)

A true bill,

_____
         Foreperson

Filed in open court this 9th day of April, 2025.

_____
         Clerk

Bail $_____